# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RONJE,<br><br>        Plaintiff,<br><br>   v.<br><br>KING, et al.,<br><br>        Defendants. | **Case No. 1:14-cv-01589-LJO-JLT (PC)**<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994)**<br><br>**(Doc. 1)**<br><br>**30-DAY DEADLINE** |

Plaintiff, Edward Ronje, is a civil detainee who is currently proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. In this action, Plaintiff complains that the 2009 standardized assessment protocol, under which he was found to be a sexually violent predator, was illegally enacted and violates section 6601 of the California Welfare and Institutions Code, and that he identified the error before the probable cause determination. Plaintiff requests, among other things, judgment declaring that his due process rights were violated and that injunctions issue prohibiting the defendants and their agents from arguing that Plaintiff is a dangerous sex offender who requires indeterminate commitment and from applying a diagnosis of pedophilia as a justification for the imprisonment Plaintiff has endured.[1] Plaintiff seeks monetary damages against the Defendants.

---

[1] Based upon these allegations, it appears that Plaintiff may have intended to pursue habeas corpus relief, rather than an action under §1983. Notably, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas

1

When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

The Complaint does not contain any allegations to show that Plaintiff's conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. However, he seeks monetary damages from each of the named defendants.[2] (Doc. 1 at 35)

Accordingly, it is HEREBY ORDERED that within **30-days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**The failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **December 29, 2014**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

---

corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

[2] Notably, Plaintiff's complaint seeks to impose liability on the Court of Appeal, Fifth Appellate District for denying his appeal. However, judges enjoy absolute judicial immunity for acts taken within their judicial role *Forrester v. White*, 484 U.S. 219, 226 (1988).