# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EDWARD RONJE,

              Plaintiff,

     v.

KING, et al.,

              Defendants.

**Case No.  1:14-cv-01589-LJO-JLT (PC)**

**FINDINGS AND RECOMMENDATION TO DISMISS CASE AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994) and FOR FAILURE TO STATE A CLAIM**

**(Docs. 1, 8, 11)**

**30-DAY DEADLINE**

I.     <u>**Findings**</u>

    A.     <u>**Procedural History**</u>

    Plaintiff, Edward Ronje, is a civil detainee who is currently proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October 10, 2014.  (Doc. 1.)  Upon review initial review, it was discovered that Plaintiff was challenging the assessment protocol which resulted in his civil detention.  Thus, on December 29, 2014, an order issued giving Plaintiff thirty days to show cause ("OSC") why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  (Doc. 8.)  On March 20, 2015, Plaintiff filed his objections.  (Doc. 11.)  The Complaint is before the Court for screening.

    B.     <u>**Screening Requirement**</u>

    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

1  shall dismiss [a case brought under 42 U.S.C. §1983] at any time if the court determines that . . .

2  the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

3  1915(e)(2)(B)(ii).

4       Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or

5  immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp.*

6  *Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of

7  substantive rights, but merely provides a method for vindicating federal rights conferred

8  elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

9       To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a

10  right secured by the Constitution or laws of the United States was violated and (2) that the alleged

11  violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

12  U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

13       **C.**     **<u>Summary of the Complaint</u>**

14       Plaintiff is detained at Coalinga State Hospital ("CSH").  He names the following

15  Defendants: (1) Audrey King, Executive Director of CSH, (2) Cliff Allenby, Director of

16  California Department of State Hospitals, (3) Court of Appeal, Fifth Appellate District, Division

17  Three, and (4) the Orange County District Attorney's Office.

18       Plaintiff alleges that the 2009 standardized assessment protocol ("SAP"), under which he

19  was determined to be a sexually violent predator so as to cause his detainment, was illegally

20  enacted and violates section 6601 of the California Welfare and Institutions Code, and that he

21  identified the error before the probable cause determination.  Plaintiff asserts that the 2009 SAP

22  was not a valid standardized assessment and that his commitment based thereon deprived him of

23  due process and violated his rights under the First, Fourth, Fifth, Eighth, and Fourteenth

24  Amendments of the United States Constitution.  Plaintiff seeks a judgment declaring that his due

25  process rights were violated; both preliminary and permanent injunctions prohibiting the

26  defendants and their agents from arguing that Plaintiff is a dangerous sex offender who requires

27  indeterminate commitment and from applying a diagnosis of pedophilia as a justification for

28  Plaintiff's false imprisonment; and monetary damages.

As previously stated in the order to show cause and discussed in greater detail below, Plaintiff is not able to pursue claims challenging his confinement that will lead to his earlier release under section 1983. These claims are proper fodder for a petition for writ of habeas corpus. Thus this action is appropriately dismissed.

A.   **Analysis**

1.   **Overview of Sexually Violent Predator Act (SVPA)**

The SVPA, Cal. Welf. & Inst. Code §§ 6600 et seq., provides for the civil commitment of "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(1). The SVPA codifies a process involving several administrative and judicial stages to determine whether an individual meets the requirements for civil commitment.

First, the California Department of Corrections and Rehabilitation (CDCR) and Board of Parole Hearings (BPH) screens inmates who may be sexually violent predators at least six months prior to their scheduled release dates. Cal. Welf. & Inst. Code § 6601(a)(1), (b). The screening is conducted in accordance with a structured screening instrument developed by the State Department of State Hospitals ("SDSH"). Cal. Welf. & Inst. Code § 6601(b). If CDCR and BPH determine that an individual "is likely to be a sexually violent predator," CDCR refers the individual to the SDSH for a full evaluation. *Id.*

The SDSH employs a standardized assessment protocol to determine whether a person is a sexually violent predator under Cal. Welf. & Inst. Code § 6601(c). If two SDSH evaluators, or in some circumstances, two independent evaluators, determine that the person has "a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody," the Director of SDSH forwards a request for a petition for commitment to the applicable county. Cal. Welf. & Inst. Code § 6601(d)-(h).

If the county's designated counsel agrees with the request, a petition for commitment is filed in Superior Court. Cal. Welf. & Inst. Code § 6601(i). "The filing of the petition triggers a

new round of proceedings" under the SVPA.  *People v. Superior Court* (*Ghilotti*), 27 Cal. 4th 888, 904 (Cal. 2002).  The petition is reviewed by a superior court judge to determine whether the petition "states or contains sufficient facts that, if true, would constitute probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release."  Cal. Welf. & Inst. Code § 6601.5.  If so found, a probable cause hearing is conducted, at which the alleged predator is entitled to the assistance of counsel.  Cal. Welf. & Inst. Code §§ 6601.5, 6602(a).  If, at the hearing, no probable cause is found, the petition is dismissed.  *Id.*  However, if probable cause is found, a trial is conducted.  *Id.*

At trial, the individual is entitled to the assistance of counsel, to retain experts or other professionals to perform an examination on his or her behalf, and to access all relevant medical and psychological records and reports.  Cal. Welf. & Inst. Code § 6603(a).  Either party may demand a jury trial.  Cal. Welf. & Inst. Code § 6603(a)-(b).  The trier of fact must determine whether the person is a sexually violent predator beyond a reasonable doubt.  Cal. Welf. & Inst. Code § 6604.  "If the court or jury determines that the person is a sexually violent predator, the person shall be committed for an indeterminate term to the custody of [SDSH] for appropriate treatment and confinement in a secure facility designated by the Director of State Hospitals."  *Id.*

Once committed, sexually violent predators must be reevaluated at least annually.  Cal. Welf. & Inst. Code § 6604.9(a).  The annual report must include consideration of whether the person "currently meets the definition of a sexually violent predator and whether conditional release to a less restrictive alternative, pursuant to Section 6608, or an unconditional discharge, pursuant to 6605, is in the best interest of the person and conditions can be imposed that would adequately protect the community."  Cal. Welf. & Inst. Code § 6604.9(b).  If SDSH has reason to believe the person is no longer a sexually violent predator, it shall seek judicial review of the commitment.  Cal. Welf. & Inst. Code § 6605(c).  If SDSH determines that conditional release or unconditional discharge is appropriate, it shall authorize the committed person to petition the court for conditional release or unconditional discharge.  Cal. Welf. & Inst. Code § 6604.9(d).  The committed person also may petition the court for conditional release without the recommendation or concurrence of SDSH.  Cal. Welf. & Inst. Code § 6608(a).

The court may deny a petition for conditional release without a hearing if it is based on frivolous grounds. Cal. Welf. & Inst. Code § 6608(a). If the petition is not based on frivolous grounds, the court shall hold a hearing to determine "whether the person committed would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder if under supervision and treatment in the community." Cal. Welf. & Inst. Code § 6608(g). The committed person has the right to counsel and the appointment of experts for the hearing. Cal. Welf. & Inst. Code § 6608(a), (g). The committed person bears the burden of proof by a preponderance of the evidence, unless the SDSH's annual reevaluation determines that conditional release is appropriate, in which case the State bears the burden of proof. Cal. Welf. & Inst. Code § 6608(k). If the court determines that the committed person would not be a danger while under supervision and treatment, the person shall be placed in a conditional release program for one year. Cal. Welf. & Inst. Code § 6608(g). Thereafter, the committed person may petition the court for unconditional discharge. Cal. Welf. & Inst. Code § 6608(m).

If, upon receiving a petition for unconditional discharge, the court finds probable cause to believe that the committed person is not a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged, a hearing is conducted. Cal. Welf. & Inst. Code § 6605(a)(2). At the hearing, the committed person is entitled to the same constitutional protections afforded at the initial trial. Cal. Welf. & Inst. Code § 6605(a)(3). Either party may demand a jury trial. *Id.* The state bears the burden of proving, beyond a reasonable doubt, that the committed person remains a danger to the health and safety of others and is likely to engage in sexually violent criminal behavior if discharged. *Id.* If the petition is resolved in the committed person's favor, he is unconditionally released and unconditionally discharged. Cal. Welf. & Inst. Code § 6605(b).

### 2.    Claims Cognizable Only in Habeas Corpus

The exclusive method for challenging the fact or duration of Plaintiff's confinement is by filing a petition for a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). *See* 28 U.S.C. § 2254(a). Such claims may not be brought in a section 1983 action. Nor may Plaintiff

1    seek to invalidate the fact or duration of his confinement indirectly through a judicial

2    determination that necessarily implies the unlawfulness of the State's custody.  *Wilkinson*, 544

3    U.S. at 81.  A section 1983 action is barred, no matter the relief sought, if success in that action

4    would necessarily demonstrate the invalidity of confinement or its duration.  *Id.* at 81-82; *Heck v.*

5    *Humphrey*, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or

6    sentence, no cause of action under section 1983 exists); *Huftile v. Miccio-Fonseca*, 410 F.3d

7    1136, 1140 (9th Cir. 2005) (applying *Heck* to SVPA detainees with access to habeas relief).

8          Because of this, an order issued for Plaintiff to show cause why this action should not be

9    dismissed as barred by *Heck v. Humphrey.*  (Doc. 8.)  In his response/objections, Plaintiff argues

10   that, since he received a writ of habeas corpus on his civil detention which was based on invalid

11   2007 protocols, and the 2009 protocols under which he was reassessed are also invalid, it

12   undermines his rights guaranteed by the federal constitution for him to be required to pursue a

13   writ of habeas corpus again.  (Doc. 11, 1:28-2:6.)

14         Plaintiff seeks declaratory judgment that the Defendants violated his rights without due

15   consideration of the harm they caused, that they violated Plaintiff's due process rights, and denied

16   him of his liberty interests and injunctive relief to prohibit Defendants from advocating that

17   Plaintiff is a dangerous sex offender who requires an indeterminate commitment, from applying a

18   diagnosis of pedophilia to Plaintiff as a justification for the false imprisonment that Plaintiff has

19   endured because of the unreliable and misapplied protocol used to classify sex offenders' past

20   criminal behavior, from diagnosing Plaintiff with an improperly adopted SAP based on an un-

21   promulgated protocol, and from applying an un-promulgated protocol to re-litigate actions against

22   Plaintiff.  (Doc. 1, pp.  33-34.)  While a claim for prospective relief often does not call into

23   question the validity of a plaintiff's confinement, *see Edwards v. Balisok*, 520 U.S. 641, 648

24   (1997), Plaintiff's claims here directly challenge the basis for his custody.  He may not bring

25   these claims in a section 1983 action. *Wilkinson*, 544 U.S. at 78.

26         Finally, Plaintiff's claim that the assessment methodology violated his Due Process rights,

27   and his request for a declaration to that effect, are barred on the same ground.  *See Huftile*, 410

28   F.3d at 1141 (concluding that challenge to SVPA assessments would imply invalidity of civil

                                                6

1   commitment and therefore could only be brought in habeas corpus).  To the extent his claims are

2   based on the use of the assessments in his civil commitment proceedings, they present a direct

3   challenge to the validity of his confinement, and may not be brought in this action.  *Wilkinson*,

4   544 U.S. at 81.  To the extent Plaintiff attempts to assert due process rights in this assessment

5   process itself, any claim as to the propriety of the assessments is so related to the civil

6   commitment proceeding that success thereon would imply the invalidity of his confinement:

7   absent the allegedly deficient assessments, no petition for commitment would have been filed,

8   and there would have been no basis for the Superior Court to proceed on the petition to civilly

9   commit Plaintiff under the SVPA.  *Huftile*, 410 F.3d at 1141.

10   In sum, until Plaintiff's civil detention has been "reversed on direct appeal, expunged by

11   executive order, declared invalid by a state tribunal authorized to make such determination, or

12   called into question by a federal court's issuance of a writ of habeas corpus," Plaintiff is barred

13   from bringing his claims under section 1983.  *Heck*, 512 U.S. at 487.

14   ### 3.        Prospective Relief from Future Assessments

15   *Edwards* leaves open the possibility for Plaintiff to seek prospective relief in a section

16   1983 action to prevent future injury caused by future assessments.  520 U.S. at 648.  However,

17   Plaintiff has not specifically articulated such a claim.  Moreover, even if he wishes to do so, his

18   allegations would not be cognizable.

19   Plaintiff alleges the assessments violated his procedural and substantive Due Process

20   rights.  However, Plaintiff does not identify any process due to him, under the SVPA or

21   otherwise, that was denied in the assessment process.  Significantly, the assessments are not

22   determinative of whether Plaintiff's detention should continue.  Rather, Plaintiff may petition the

23   court for conditional release without the recommendation or concurrence of SDSH.  Cal. Welf. &

24   Inst. Code § 6608(a).  Plaintiff's continued detention is determined by a judge at a hearing in

25   which Plaintiff has the right to counsel and to retain experts to rebut the State's assessments. Cal.

26   Welf. & Inst. Code § 6608.  His ultimate release from commitment is determined by a judge or

27   jury in a proceeding in which Plaintiff maintains the right to counsel, to retain experts, and where

28   the State bears the burden of proof beyond a reasonable doubt.  Cal. Welf. & Inst. Code § 6605.

The SVPA provides sufficient procedural mechanisms for Plaintiff to challenge the assessments and to demonstrate that he no longer qualifies for civil detention.  These protections are such that any flaws in the assessment process do not rise to a due process violation.

**II.      Conclusion & Recommendations**

Plaintiff's claims, either directly or indirectly, challenge the validity of his confinement, a challenge which may be brought only in a petition for a writ of habeas corpus.  Thus, Plaintiff has failed to state any claims that are cognizable under section 1983.  To the extent Plaintiff could amend to seek relief that is not no so barred, his allegations fail to state a cognizable claim for the reasons stated.  These deficiencies are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).  Plaintiff should not be given leave to amend his section 1983 claims.

It is recommended that the Court direct the Clerk's Office to provide Plaintiff with a habeas petition form for Plaintiff to file a habeas petition setting forth facts supporting his challenge to the fact and/or the duration of his confinement/detention.  Alternatively, if Plaintiff no longer wishes to pursue this action, he should file a notice of voluntary dismissal.  Fed. R. Civ. P. 41(a)(1)(A)(i).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's complaint (Doc. 1) be **DISMISSED** for failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

8

1   IT IS SO ORDERED.

2       Dated:   **April 14, 2015**                              **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28