# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RONJE,<br><br>            Plaintiff,<br><br>    v.<br><br>KING, et al.,<br><br>            Defendants. | Case No.  1:14-cv-01589-LJO-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE AS BARRED BY** *HECK V. HUMPHRY*, **512 U.S. 477 (1994) and FOR FAILURE TO STATE A CLAIM**<br><br>**(Docs. 1, 8, 11, 12)**<br><br>**ORDER DIRECTING CASE CLOSURE BY COURT CLERK**<br><br>**STRIKE PER 28 U.S.C. § 1915(g)** |

      Plaintiff, Edward Ronje, is a civil detainee who is currently proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October 10, 2014.  (Doc. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      Upon review initial review, it was discovered that Plaintiff was challenging the assessment protocol which resulted in his civil detention.  Thus, on December 29, 2014, an order issued giving Plaintiff thirty days to show cause why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  (Doc. 8.)  On March 20, 2015, Plaintiff filed his objections.  (Doc. 11.)  Findings and Recommendations issued on April 14, 2015, screening the Complaint and finding that it did not state a cognizable claim and is barred by *Heck*.  (Doc. 12.)  The Findings and Recommendations was served on Plaintiff that same date and allowed

1

1  thirty days for filing of objections.  (Doc. 12.)  Plaintiff filed his objections on May 7, 2015

2  seeking leave to amend.  (Doc. 13.)

3        However, as accurately stated in the Findings and Recommendations, Plaintiff's claims

4  either directly or indirectly challenge the validity of his confinement, which may only be pursued

5  in a petition for a writ of habeas corpus.  Plaintiff has failed to state any claims that are

6  cognizable under section 1983.  Plaintiff may not amend the Complaint to change the nature of

7  claims he has raised in this suit to attempt to state a cognizable claim, *George v. Smith*, 507 F.3d

8  605, 607 (7th Cir. 2007) and the deficiencies in Plaintiff's pleadings are not capable of being

9  cured through amendment, *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

10        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a

11  *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the

12  Findings and Recommendations to be supported by the record and by proper analysis.

13        Accordingly, IT IS HEREBY ORDERED that:

14      1.    The Findings and Recommendations, filed April 14, 2014 (Doc. 12), is adopted in

15          full;

16      2.    This case is dismissed with prejudice as barred by *Heck v. Humphrey*, 512 U.S.

17          477, 487-88 (1994) and for Plaintiff's failure to state a cognizable claim;

18      3.    Dismissal of this action counts as a strike pursuant to 28 U.S.C. § 1915(g); and

19      4.    The Clerk of the Court is directed to close this case.

20

21  IT IS SO ORDERED.

22     Dated:   **May 18, 2015**            **/s/ Lawrence J. O'Neill**

23                                                          UNITED STATES DISTRICT JUDGE

24

25

26

27

28